**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE GABRIEL VELASQUEZ ALVARADO,

Petitioner,

v.

Case No. 1:26-cv-02941-MIS-SCY

WARDEN, Cibola County Correctional Center; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Jose Gabriel Velasquez Alvarado's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 8, 2026. The Petitioner is a citizen of Guatemala, who has resided in the United States since 2019. Pet. at ¶ 29. Prior to his detention, Petitioner resided with his family in Portsmouth, Virgina. Id. at ¶ 30. He has no criminal record and has been consistently employed while residing in the United States. Id. at ¶¶ 36-37. Additionally, Petitioner has not failed to comply with any reporting conditions related to United States Immigration and Customs Enforcement's supervision. Id. at ¶¶ 32-38. Nevertheless, on June 1, 2026, Petitioner was stopped by while riding to work and shortly thereafter transferred to the custody of U.S. Immigration and Customs Enforcement. Id. at ¶ 33.

He is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. at ¶ 34. Prior to his detention, he was not provided a bond hearing. Id. at ¶ 44. Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates his Fifth Amendment right to due process. Pet. at ¶¶ 45-48. He seeks immediate release from detention. Id. at p. 18.

On September 8, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 3. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in *Santillan Quiroz v. Mullin*, [180 F.4th 1226] (10th Cir. 2026) requires relief." Id.

On September 21, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 5.[1] Therein, Respondents note that on September 11, 2026, an Immigration Judge ordered Petitioner to be removed and that Petitioner has until October 12, 2026 to appeal the decision. Id. at 1 n.1. They state further:

> For purposes of this specific case, Respondents agree that Petitioner is eligible for bond review upon request pursuant to 8 U.S.C. § 1226. Respondents do not object to this Court entering an order requiring a bond review; however, would object to an order for immediate release.

Id. at 1-2 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

Although the Respondents state that they object to Petitioner's immediate release, the Court finds that Respondents have failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally ECF 5. The Court further orders that Petitioner shall not be re-detained, absent a final order of removal, without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Jose Gabriel Velasquez Alvarado from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner, absent a final order of removal, without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE